IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BEVERLY D. WILLIAMS                                                                                         PLAINTIFF

VS.                                              CIVIL NO. 05-1047

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                 DEFENDANT

## MEMORANDUM OPINION

Beverly Williams ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration, denying her applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI were filed on December 3, 1997, alleging an onset date of September 1, 1997, due to osteoarthritis in both knees, back problems, depression, and asthma. (Tr. 103-105, 136). These applications were denied initially and on reconsideration. (Tr. 86-87, 90-91). In a July 30, 1999 decision, the Administrative Law Judge (ALJ) found plaintiff not disabled. (Tr. 14-24). On August 19, 2002, this Court remanded the case to the ALJ for further proceedings. A second administrative hearing was then held on August 14, 2003. Plaintiff was present and represented by counsel.

At this second hearing on August 14, 2003, plaintiff requested that her alleged onset date be amended to be a closed period of disability from September 1, 1997, through September 3, 2002. (Tr. 249). Plaintiff was forty years old and possessed a high school education with two years of

college. (Tr. 326). The record reflects that she had past relevant work experience ("PRW"), as a bus driver, nurse's aide, and a life skills aide. (Tr. 324-325).

On December 5, 2003, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's asthma, osteoarthritis of both knees, and depression did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 260). After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ("RFC"), to perform unskilled work activity at all exertional levels. (Tr. 260). Mentally, he noted some slight limitations regarding her ability to understand and remember short, simple instructions; understand, remember, and carry out simple instructions; and, make judgments on simple work-related decisions. Further, the ALJ found slight limitations regarding her ability to interact appropriately with the public, respond appropriately to work pressures in a usual work setting, and respond appropriately to changes in a routine work setting. Due to her asthma, plaintiff was also noted to have environmental limitations requiring her to avoid exposure to temperature extremes, fumes, odors, dusts, gases, and/or poor ventilation. With the assistance of a vocational expert, the ALJ then found that plaintiff could perform a significant number of jobs available in the national economy, to include the positions of cashier and factory packager. (Tr. 261).

On March 28, 2005, the Appeals Council declined to review this decision. (Tr. 8-10). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 4, 5).

AO72A
(Rev. 8/82)

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

A thorough review of the record indicates that the ALJ failed to properly consider all the relevant medical evidence regarding plaintiff's osteoarthritis, asthma, and depression. Specifically, he did not consider these impairments in combination, as is required by the regulations. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Instead, the ALJ merely mentioned each impairment separately, dismissing each one without considering how it might affect plaintiff's remaining diagnoses.

In the present case, medical records from Dr. Joe Wharton, plaintiff's treating physician, and counseling records reveal that plaintiff was diagnosed with major depression, after she was raped by her estranged husband. (Tr. 205, 207, 317). While being treated for her depression, plaintiff's aunt passed away, an aunt with whom she was reportedly very close. (Tr. 197-199). Plaintiff's grandmother also passed way during this time. As a result, these same medical and counseling

4

records note that plaintiff began to bury her feelings and memories concerning the rape, and experienced a great deal of difficulty dealing with her feelings of grief over her aunt's death, as well as the anger surrounding her rape. (Tr. 192, 193, 195, 196, 198, 228, 229, 312). On January 22, 1999, Dr. J. Mizelle, plaintiff's treating psychiatrist, concluded that she had only a fair ability to deal with the public; deal with work stresses; understand, remember, and carry out complex job instructions; and, relate predictably in social situations. (Tr. 232-233).

From a physical standpoint, we note that plaintiff was treated for asthmatic symptoms and pain associated with osteoarthritis. On July 24, 2000, plaintiff complained of asthma and pain in her left knee. (Tr. 316). An examination revealed bilateral inspiratory and expiratory wheezes throughout, as well as tenderness in her knees. For this, Dr. Wharton prescribed a Proventil inhaler and a Medrol Dose Pack. (Tr. 316).

On March 8, 2001, Dr. Wharton completed a form for the Arkansas Department of Human Services. (Tr. 396-297). He indicated that plaintiff could not engage in work activities; could only sit and stand for four hours each per day; could lift less than ten pounds; and, could not reach, push, pull, kneel, or walk. (Tr. 296-297).

On March 9, 2001, Dr. Wharton indicated that plaintiff was suffering from asthma, depression, and osteoarthritis of the knees. (Tr. 315). On examination, he noted clear breath sounds, but some crepitance in the knees on range of motion. (Tr. 315). Dr. Wharton indicated that plaintiff could not work, due to these medical problems. (Tr. 315).

On August 3, 2001, plaintiff continued to have problems with osteoarthritis of the knees. (Tr. 315). She also reported problems with asthma, although they were reportedly well controlled via her

inhalers. An examination revealed increased inspiratory phase breath sounds with some faint wheezes. Her knees were also slightly warm, and she was said to be experiencing allergy-type symptoms. For this, Dr. Wharton prescribed Polaromine, Advair, Proventil, and Celexa. (Tr. 315).

On September 3, 2002, plaintiff had a follow-up concerning her depression and asthma. At this time, she also complained of lower back pain. (Tr. 314). An examination of her lungs revealed a few scattered wheezes and increased expiratory phase breath sounds. As such, he directed her to continue the Albuterol and Advair inhalers. Further, after noting that her back pain was likely arthritic, Dr. Wharton prescribed Darvocet N. (Tr. 314).

Although the ALJ does note that plaintiff reported knee and back pain, he dismisses these complaints on the basis that she had not reported any limitations concerning her ability to perform vigorous physical activities on a form she completed for counseling services on September 18, 1997. (Tr. 209-211). First, we note that this form was completed well in advance of plaintiff's complaints concerning knee and back pain. Second, as discussed in our previous opinion in this matter, major depression is a mental impairment often characterized by pain, fatigue, and weakness. (Tr. 277). *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR, p. 371 (4th ed. Revised 2000). In spite of this, and our previous instruction to properly consider these elements of depression, the ALJ failed to do so on remand. Instead, he determined that there was no objective medical evidence to show that plaintiff had an impairment that affected her ability to perform physical activities and, therefore, no evidence to show that she was suffering from an exertional impairment. Given the aforementioned evidence, however, we do not agree.

The record makes clear that plaintiff was prescribed Celexa and Amitriptyline to control her

6

depression. (Tr. 167-239, 296-319). Dr. Wharton also prescribed a Medrol Dose Pak and Darvocet N to treat her osteoarthritis and "arthritic" type pain in the knees and back, clearly a condition that could cause exertional limitations. (Tr. 314-316). The ALJ should have also discussed the fact that plaintiff was diagnosed with and prescribed medication for asthma, a condition that is often associated with limitations related to exertional activities. *See* PHYSICIAN'S DESK REFERENCE MEDICAL DICTIONARY, p. 158 (2nd ed. 2000). Because he did not, and the record does not contain sufficient evidence upon which to make a decision concerning the exact physical limitations resulting from the combined effects of plaintiff's depression, asthma, and/or osteoarthritis, we believe that the ALJ should have developed the record further concerning plaintiff's physical limitations. An ALJ has a duty to develop the record fully. *See Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001); *McGhee v. Harris*, 683 F.2d 256, 260 (8th Cir. 1982). Accordingly, on remand, the ALJ is directed to do so.

It is also significant to note that, in determining plaintiff's mental RFC, the ALJ relied on the findings of non-examining, consultative physicians. We note that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Thus, given the fact that Drs. Wharton and Mizelle treated plaintiff for a period of several years, and that we can find no objective evidence to negate his findings, we believe that remand is necessary to allow the ALJ to reconsider his opinion. *See Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight). Further, in light of the evidence showing that plaintiff was receiving follow-up care concerning her depression from Dr.

7

Wharton, on remand, we suggest that Dr. Wharton be asked to complete an RFC assessment.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 24th day of July 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)